# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# NO. 3:16-cv-280-GCM

| | |
|---|---|
| **GREAT LAKES REINSURANCE (UK) SE,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**D&B MARINE, LLC,**<br><br>    **Defendant.** | **ORDER** |

  **THIS MATTER** is before the Court on Defendant's Motion to Compel (Doc. No. 64) filed on May 4, 2018. Plaintiff responded on June 1, 2018, and Defendant filed a reply on June 18, 2018. Accordingly, this matter is now ripe for disposition.

  On March 6, 2018, the Court granted Plaintiff's Motion for Leave to File Second Amended Complaint. Plaintiff filed its Second Amended Complaint on March 7, 2018, and Defendant served its Second Set of Interrogatories and Requests for Production of Documents on March 27, 2018 in light of the new allegations in the Second Amended Complaint. Plaintiff objected to all eight of the new interrogatories, which requested that Plaintiff identify "each and every" application, lawsuit or declaratory judgment action taken, claim paid, and claim denied related to the "violation/suspension" and "loss history" disclosures required on Plaintiff's insurance application.

  Defendant now moves to compel production of these disclosures, arguing that they are relevant to the "materiality" element of Plaintiff's misrepresentation of material fact claim. Defendant also seeks sanctions against Plaintiff for failing to respond to these requests. Plaintiff

argues that the language of "each and every" is overly broad and imposes an undue burden on Plaintiff to sift through approximately 150,000 old policies of maritime insurance. Plaintiff further argues that disclosure would violate UK and EU data privacy laws and are unnecessary because Defendant has access to the relevant information through other sources, namely PACER searches of similar cases involving Plaintiff.

Without addressing the merits of Plaintiff's data privacy arguments, the Court finds that the requested disclosures are overbroad and unduly burdensome, and the Court must deny Defendant's Motion to Compel pursuant to Fed. R. Civ. P. Rule 26(b)(2)(C). The Court also denies at this time Defendant's alternative request contained in its reply brief, seeking to compel Plaintiff to produce the files for 122 identified cases that have been or are currently in litigation, as overbroad and unduly burdensome.

The Court understands Defendant's desire to obtain evidence relating to Plaintiff's practices as well as their written policies, and therefore encourages the parties to negotiate with respect to a more narrowly tailored request for production of documents in Plaintiff's insurance claims involving similar issues.

Thus, for the foregoing reasons, the Court hereby **DENIES** Defendant's Motion to Compel (Doc. No. 64).

**SO ORDERED.**

Signed: July 26, 2018

Graham C. Mullen
United States District Judge